Henderson, Judge.
An obligation to perform an act is complied with by a performance only. The omission *42 to perform it may be excused by the act of God, the act of the law, or the act of the obligee.
The Defendants rest their exou.se on the spirit of the third ground, that is, by making the omission of the Sheriff, the omission of the obligees, and if they succeed in this, certainly will prevail; otherwise, not. This case was not argued, and we are left to our own researches.
Coke, in his Commentary on Littleton, 208 b, — says, eíIf a man be bound to A. in an obligation, with condition to enfeoff E. (who is a mere stranger) before a day, the obligor doth offer to enfeoff B. who refuseth, the obligation is forfeit j for the obligor hath taken upon him to enfeoff him, and ins refusal cannot satisfy the condition, because ho leofment is made, but if the feofment had been made by the condition, to the obligee, or to any other, for his benefit or behoof, a tender and refusal shall save the bond, because he himself, upon the matter, is the cause wherefore the condition of the bond could not be performed, and therefore shall not give himself cause of action.” 1 am rather inclined to think that the case under consideration does not come within the latter branch of this rule ; it is quite evident it docs not within the first. To make the whole rule stand together, I must consider the stranger in the latter branch, as the agent or servant of the obligee, not barely one who was to do some ulterior act which might be for bis benefit; or, that the act when .done, was beneficial tb the obligee; for, in the case where the act was to be done to a mere stranger, the obligor might always get relief in equity by paying the damages which the obligee has sustained by the breach, and if not interested in the act, he could sustain none; at most, only nominal. Why, then, not excuse him, where the stranger refuses to receive the act ? There can be no other rational ground than, that the obligee is interested in having it done, and the obligor having undertaken to do it to a person over whom the obligee has no control, the obli-gor is not excused by the refusal or neglect of the stran *43 ger} but where the obligee is the person to whom the act in to be done, or where it is to be done to his servant or , . „ , . , , „ , . Ins agent, a refusal, m such case, shall not gsve an action, because no man can give himself a cause of action by his own wrongful act, and the act of the servant or agent is the act of the principal. Nor does the case put immediately after the above quotation hear upon the present. The case is, if A. be hound to U. that C. shall en-feoff !); in this ease, if C. tender, and D. refuse, the obligation is saved, for the obligor himself undertakes to do no act, hut that a stranger .shall enfeoff a stranger: for in this case, one of the obligors, Harrison, is to do the act: he is no stranger to his co-obligors, and it is difficult to conceive a case where the principal is bound to do an act and the securities not, when the same obligatory words are used as applicable to both. The principle, I believe, is plain enough, and it is not disputed} it, is to he found in all the hooks — -the difficulty lies in its application. There is a case in 10 John. 27, Maunty vs. Drake and Goff, very much like this j indeed, in the view taken by the Court, (although the facts do not entirely warrant it, for, according to them, there was neither a surrender or or offer to do so, but only some talk about it,) it is impossible to distinguish it from this} and there, the opinion of the Court was, that the Defendants were not excused. I, therefore, think that the judgment should be reversed, and a new trial granted.
Ham, Judge, concurred.